{¶ 1} Plaintiff-appellant, Gloria McGuire ("McGuire"), appeals a decision of the Mahoning County Common Pleas Court granting summary judgment in favor of defendant-appellee, American States Insurance Company ("American States"), on McGuire's claim for uninsured/underinsured motorist ("UM/UIM") coverage.
 {¶ 2} Plaintiffs, Agnes McAllen, Ronald McAllen, Gloria McGuire, Daniel McGuire, Norman McGuire, and Victor McGuire, were allegedly involved in a motor vehicle accident with Steven Welsh (Welsh) in Pennsylvania on September 14, 1996. On September 3, 1998, plaintiffs filed a complaint in the Mahoning County Common Pleas Court against Welsh alleging negligence and naming as additional party defendants American States, Golden Rule Insurance Company, Super Blue Plus, and Textile Processors Local # 1. McGuire sought uninsured/underinsured motorist (UM/UIM) coverage under an automobile insurance policy she had with American States. Golden Rule Insurance Company and Textile Processors Local # 1 were subsequently dismissed from the lawsuit.
 {¶ 3} Welsh, a Pennsylvania resident at the time of the accident, subsequently was dismissed from the case for lack of personal jurisdiction by the trial court and that decision was upheld by this court. McAllen v. American States Ins. (Oct. 20, 2000), 7th Dist. No. 99 CA 159. McQuire was ultimately unable to pursue her claims against Welsh and his insurance company because the statute of limitations had expired.
 {¶ 4} McGuire's policy with American States contained exhaustion and subrogation clauses. American States was not served with McGuire's complaint until September 10, 1998, just four days prior to the expiration of the statute of limitations. Consequently, American States was not left with a reasonable opportunity to protect its subrogation interests by seeing to it that McGuire and her counsel acquired proper jurisdiction over Welsh.
 {¶ 5} Therefore, American States moved for summary judgment arguing that McGuire had failed to exhaust Welsh's policy limits and destroyed its subrogation rights. McGuire filed a memorandum in opposition. On December 16, 2002, the trial court granted summary judgment in favor of American States. This appeal followed.
 {¶ 6} McGuire's sole assignment states:
 {¶ 7} "The Trial Court Erred, As A Matter Of Law, In Granting Summary Judgment In Favor Of American States Insurance Company, And Precluding Appellant Gloria Mcguire From Coverage Under Its Insurance Policy."
 {¶ 8} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co.
(1996),_77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co.(1976),54 Ohio St.2d 64, 66, 375 N.E.2d 46, 8 O.O.3d 73; Civ.R. 56(C).
 {¶ 9} "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. * * *" (Emphasis sic.)Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.
 {¶ 10} The "portions of the record" or evidentiary materials listed in Civ.R. 56(C) include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. The court is obligated to view all the evidentiary material in a light most favorable to the nonmoving party. Temple v. Wean United,Inc.(1977), 50 Ohio St.2d 317, 364 N.E.2d 267, 4 O.O.3d 466.
 {¶ 11} "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher, 75 Ohio St.3d at 293,662 N.E.2d 264.
 {¶ 12} Summary judgment is appropriate when there is no genuine issue as to any material fact. A "material fact" depends on the substantive law of the claim being litigated. Hoyt, Inc. v. Gordon Assoc., Inc. (1995), 104 Ohio App.3d 598, 603, 662 N.E.2d 1088, citingAnderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 247-248,106 S.Ct. 2505, 91 L.Ed.2d 202.
 {¶ 13} McGuire argues that the she has satisfied the exhaustion clause of American States' underinsurance policy. McGuire contends that she need not receive the full limit of Welsh's liability policy to exhaust the limits of that policy. Citing Fulmer v. Insura Prop. Cas. Co. (2002), 94 Ohio St.3d 85, 760 N.E.2d 392, McGuire argues that Welsh's policy limits are deemed exhausted when McGuire deems them exhausted, not American States.
 {¶ 14} In Fulmer, the Ohio Supreme Court held that "[w]hen an insured has given her underinsurance carrier notice of a tentative settlement prior to release, and the insurer has had a reasonable opportunity to protect its subrogation rights by paying its insured the amount of the settlement offer but does not do so, the release will not preclude recovery of underinsurance benefits. (McDonald v.Republic-Franklin Ins. Co. [1989], 45 Ohio St.3d 27, 543 N.E.2d 456, paragraph two of the syllabus, extended and followed; Bogan v. ProgressiveCas. Ins. Co. [1988], 36 Ohio St.3d 22, 521 N.E.2d 447, paragraph five of the syllabus, overruled.)" Id. at paragraph one of the syllabus. The court also held that "[a]n insured satisfies the exhaustion requirement in the underinsured motorist provision of her insurance policy when she receives from the underinsured tortfeasor's insurance carrier a commitment to pay any amount in settlement with the injured party retaining the right to proceed against her underinsured motorist insurance carrier only for those amounts in excess of the tortfeasor's available policy limits. (Bogan v. Progressive Cas. Ins. Co. [1988],36 Ohio St.3d 22, 521 N.E.2d 447, paragraph two of the syllabus, clarified and followed.) Id. at paragraph two of the syllabus.
 {¶ 15} Fulmer is inapplicable to the situation presented by McGuire's case. Fulmer and the case law that formed the basis of that decision all dealt with the case in which an insured settled with and released the tortfeasor without the underinsurer's consent and was consequently denied underinsured motorist benefits for violating the terms of a subrogation clause. In this case, there is no evidence of a settlement or that McGuire ever gave American States notice of a tentative settlement. No release was ever executed with Welsh's insurer. American States was not given any, let alone a reasonable, opportunity to protect its subrogation rights by paying McGuire the amount of any proposed settlement offer. Additionally, four days was not a reasonable amount of time for American States to protect its subrogation interests and to notify McGuire and her counsel of their own mistakes concerning the personal jurisdiction issue.
 {¶ 16} Accordingly, McGuire's sole assignment of error is without merit.
 {¶ 17} The judgment of the trial court is hereby affirmed.
Judgment affirmed.
Waite, P.J., and Vukovich, J., concur.